FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2010 APR -7  AM 11:28

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JODI BELTEAU, § | CIVIL ACTION NO. 10-1056 |
| § | |
| Plaintiff, § | JUDGE |
| § | |
| VERSUS § | MAGISTRATE SECT. I MAG. 2 |
| § | |
| BANK OF AMERICA HOME LOANS § | |
| SERVICING, L.P. and BANK OF AMERICA, § | |
| N.A § | |
| § | |
| Defendants. § | |

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Bank of America Home Loans Servicing, L.P. (erroneously named by Plaintiff as Bank of America Home Loans) and Bank of America, N.A (incorrectly named as a defendant) (collectively referred to as "BOA"), hereby remove this action from the 34th Judicial District Court for the Parish of St. Bernard, Louisiana to the United States District Court for the Eastern District of Louisiana.

Fee $350.
√ Process
x Dktd
___ CtRmDep
___ Doc. No.

### I.  STATE COURT ACTION

1.

The removed case is a civil action filed by Plaintiff Jodi Belteau ("Plaintiff") on or about February 23, 2010 in the 34th Judicial District Court for the Parish of St. Bernard, Louisiana. The case was originally styled *Jodi Belteau v Bank of America Home Loans*. The case received Cause Number 115508 ("State Court Action").  BOA was served on or about March 8, 2010, as evidenced by the Sheriff's return on service accompanying this Notice of Removal as Exhibit "A."[1]  This removal is being accomplished within thirty (30) days of BOA's first receiving notice of this action by service of the Citation and Original Petition.  Thus, this removal is timely.

2.

The State Court Action arises out of BOA's alleged actions following Hurricane Katrina. *See Plaintiff's Original Petition for Damages* ("Original Petition") at ¶¶ 7-13.

3.

With this Notice of Removal, BOA removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

### II.  PROCEDURAL REQUIREMENTS

4.

Pursuant to 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court because the State Court Action is pending in the 34th Judicial District Court for the Parish of St. Bernard, which is within this district.

---

[1] On or about March 22, 2010, Plaintiff filed a First Supplemental and Amending Petition with Damages purporting to "substitute" Bank of America, N.A. as Defendant.  Plaintiff did not properly dismiss Bank of America Home Loans Servicing, L.P. (incorrectly named as Bank of America Home Loans), so this Notice of Removal will address all relevant issues as if both Bank of America Home Loans, L.P. and Bank of America N.A. are named defendants. For purposes of this Notice of Removal, both entities are diverse from Plaintiff.

5.

Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by a copy of all process, pleadings, and orders served upon BOA as Exhibit "B."

6.

Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal to Federal Court is being filed with the 34th Judicial District Court for the Parish of St. Bernard. A true and correct copy of this Notice is attached as Exhibit "C."

7.

The undersigned counsel represents both defendants in this action.

### III. This Court Has Jurisdiction Based on Diversity of Citizenship

8.

A case may be removed to federal court if it could have been brought in federal court originally. 28 U.S.C. § 1441. This court has original jurisdiction over this action based on complete diversity of citizenship between the parties, in that BOA is now, was at the time of Removal, and was at the time the State Court Action was commenced, diverse in citizenship from Plaintiff. 28 U.S.C. § 1332(a). Further, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *Id.*

### A. There Is Complete Diversity of Citizenship Between the Parties

9.

Plaintiff is a citizen of Louisiana. For purposes of diversity jurisdiction, "[a] natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely." *Freeman v. Northwest*

*Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). Plaintiff alleges she is a resident of the Parish of Jefferson, Louisiana. *Original Petition* at ¶ 1.

10.

Bank of America Home Loans Servicing, L.P. is a limited partnership existing under the laws of Texas, and is a citizen of North Carolina because its ultimate owner, Bank of America, N.A., is a citizen of North Carolina. Therefore, both Bank of America Home Loans Servicing, L.P. and Bank of America, N.A. are citizens of North Carolina for diversity purposes.

11.

Accordingly, there is complete diversity among the parties.

### B. The Amount in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs

12.

Where there is complete diversity among parties and where the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. § 1332(a).

13.

Although Plaintiff's Original Petition does not allege an amount in controversy, the amount at issue more likely than not exceeds $75,000 exclusive of interest and costs. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (affirming district court conclusion that damages were "more probabl[y] than not" over $75,000 where total amount of relief was not stated in petition); *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The test is whether is it more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). The defendant can meet its burden if it is "facially apparent" from the face of the Petition that the claims

probably exceed $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002).

14.

In the State Court Action, Plaintiff alleges various causes of action against BOA, alleging damages related to property located in St. Bernard Parish ("the Property"). In August 2003, Countrywide Home Loans, Inc. made a loan to Plaintiff in connection with her purchase of the Property. Bank of America Home Loans Servicing, L.P. subsequently assumed the rights of Countrywide Home Loans, Inc. under this mortgage. In August of 2005, the Property was damaged by Hurricane Katrina. Plaintiff alleges that BOA advised her to not pay her mortgage following the hurricane and that BOA failed to provide information regarding the payoff on the property. Plaintiff further alleges that BOA's actions resulted in a lost opportunity to sell the property and ultimately resulted in the structure on the Property being demolished. Plaintiff also alleges that her credit has been damaged as a result of the aforementioned allegations against BOA. Plaintiff's Original Petition brings claims for violations of the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPCPL") and seeks damages related thereto. *See Original Petition* at ¶¶. 8-13.

15.

Among other things, Plaintiff is seeking actual damages. *See Original Petition* at ¶ 14. Based on Plaintiff's pleadings, actual damages include loss of the structure on the Property. According to the loan documentation, the Notice of Building Contract states that the price to build the structure was $121,500.00. *See* Exhibit "D." Plaintiff further seeks attorney's fees, costs, and punitive damages. *See Original Petition* at ¶ 14.

16.

Because Plaintiff seeks actual damages, and is potentially able to recover treble damages as permitted under Section 1409 of the LUTPCPL, it is evident that the amount in controversy exceeds $75,000.

17.

In addition, the Court may consider the compensatory damages, punitive damages, and attorneys fees as part of its amount in controversy calculus. *White*, 319 F.3d at 675-76 (upholding district court's conclusion that compensatory damages, punitive damages, and attorney's fees would "more probably than not" exceed $75,000).

18.

Taken together, Plaintiff's request for damages, including punitive damages and attorney's fees, demonstrate that the amount in controversy requirement has been met.

19.

As there is complete diversity among the parties, and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), and removal is proper.

**WHEREFORE,** Defendants, Bank of America Home Loans Servicing, L.P. and Bank of America, N.A., hereby remove this action from the 34th Judicial District Court for the Parish of St. Bernard, Louisiana to the United States District Court for the Eastern District of Louisiana, so that this Court can assume full jurisdiction as provided by law.

Respectfully submitted,

*Monique Lafontaine*
Monique M. Lafontaine, T.A. (24557)
Locke Lord Bissell & Liddell, LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone (504) 558-5100
Facsimile (504) 558-5200

Of Counsel:

Robert T. Mowrey (TX Bar No. 14607500)
Thomas G. Yoxall (TX Bar No. 00785304)
Locke Lord Bissell & Liddell, LLP
2200 Ross Avenue
Suite 2200
Dallas, Texas  75201-6776
Telephone (214) 740-8000
Facsimile (214) 740-8800

**ATTORNEYS FOR DEFENDANTS, BANK OF AMERICA HOME LOANS SERVICING L.P. AND BANK OF AMERICA, N.A.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this the 7th day of April, 2010, on counsel of record, via facsimile and Certified Mail, return receipt requested:

Edward P. Gothard
Philip R. Adams, Jr.
Nowalsky, Bronston, & Gothard
1420 Veterans Memorial Boulevard
Metairie, Louisiana 70005
Phone: (504) 832 1984
Fax: (504) 831 0892

*Monique Lafontaine*
**MONIQUE LAFONTAINE**